(136 So. 41)

**STATE ex rel. WILLIAMS v. LONG, Governor.**

**No. 31201.**

June 22, 1931.

Francis Williams, in pro. per., Augustus G. Williams, Irwin F. Williams, and Charles M. Ward, all of New Orleans, for appellant.

Wylie M. Barrow and George M. Wallace, both of Baton Rouge, for appellee.

ROGERS, J.

This is a mandamus proceeding by the chairman of the public service commission against the Governor of the state, in which relator seeks to compel respondent to borrow sufficient funds from the state fiscal agency banks to pay the increased salaries of the members of the commission provided by Act No. 85 of 1930, the statute failing to make the necessary appropriation.

Respondent filed exceptions to the jurisdiction of the court ratione materiæ and no right or cause of action, and a motion to strike out the relator's supplemental petition. Respondent, with reservations of his exceptions and motion, also filed a return and answer to relator's petitions.

The court below overruled the exception to its jurisdiction and the motion to strike out the supplemental petition, but sustained the exception of no right or cause of action and dismissed the suit. From this judgment relator appealed.

Relator alleges, briefly, that in pursuance of the provisions of Act No. 85 of 1930, under the authority and direction of House Concurrent Resolutions Nos. 1 and 2, adopted at the Sixth Extra Session of the Legislature, under the Constitution of 1921, and of a certain resolution of the state board of liquidation, it is the mandatory duty of the respondent to borrow the money necessary to pay him his full salary. The resolutions are set forth in, and attached as exhibits to, relator's petition.

House Concurrent Resolution No. 1, which was adopted September 18, 1930, reads as follows, viz.:

"Whereas, Act No. 85 of the Legislature of Louisiana of 1930, fixing the salaries of the members of the Louisiana Public Service Commission at $4,800.00 per annum for each member of said commission; and

"Whereas, the general appropriation bill of the Legislature of Louisiana of 1930 appropriated a sum sufficient to pay only $3,000.00 per annum to each of said Commissioners, as heretofore provided by law; now therefore, be it

"Resolved by the House of Representatives of the State of Louisiana, the Senate concurring, That the Board of Liquidation of the State Debt be and it is hereby authorized and directed to borrow from the fiscal agency banks of the State of Louisiana the sum of Ten Thousand Eight Hundred ($10,800.00) Dollars for the purpose of paying the increase in the salaries of the members of the Louisiana Public Service Commission as fixed by Act No. 85 of the Legislature of Louisiana for the year 1930, for the fiscal year ending June 30, 1931, and June 30, 1932."

The resolution of the board of liquidation of the state debt, which was adopted at a meeting of the board held on September 19, 1930, is as follows, viz.:

"I move that the Governor be and he is hereby authorized to apply to the Members of the Louisiana Legislature for authority, through the Board of Liquidation of the State Debt, to borrow from the fiscal agent banks of the State of Louisiana the sum of Ten Thousand Eight Hundred ($10,800.00) Dollars to pay additional salaries of the members of the Louisiana Public Service Commission as fixed by the Legislature of year 1930; and,"

House Concurrent Resolution No. 6, which was adopted on September 20, 1930, reads, in part, as follows, viz.:

"Whereas, the Board of Liquidation of the State Debt on the 19th. day of September, 1930, by unanimous vote, authorized the Governor of Louisiana to apply to members of the Legislature for authority to borrow the following sums for the purposes indicated:

"1. * * *

"7. For increased salaries of the Public Service Commissioners, ($10,800.00). * * *

"And whereas, said action has been officially certified to the Legislature by the Governor of Louisiana, therefore, be it Resolved by the House of Representatives, the Senate concurring, that the Board of Liquidation of the State Debt be and is hereby authorized to borrow from the fiscal agency banks the sum of $116,266.00, to be expended for the above mentioned purposes."

The only question presented for our consideration is whether the judge of the district court ruled correctly on the exceptions and motion filed by the respondent. The merits of the case are not before us. We find no error in the ruling denying respondent's motion to strike out relator's supplemental petition.

The parties litigant have submitted elaborate arguments supported by numerous authorities, asserting and denying the power of the courts to interfere by mandamus with the acts or duties of the Governor, whether these acts or duties be purely discretionary or wholly ministerial. But we do not think it necessary to consider that question here. It is not disputed, and is indisputable, that no executive officer, whether he be the Governor or any other officer, can be compelled by mandamus to perform any act or duty merely involving his judgment and discretion. Hence, if the act which the relator seeks to coerce the Governor to perform is one addressing itself to his discretion, it is not subject to judicial control and its performance cannot be enforced by mandamus. We think the act in question is of that character.

There is no law making it the duty of the Governor to borrow money or to sign a note. The resolutions of the Legislature and the state board of liquidation referred to supra, on which relator bases his action, do not impose the mandatory duty on the Governor to effectuate the loan for the payment of the additional salaries of the public service commissioners.

House Concurrent Resolution No. 1 authorizes and directs the state board of liquidation to borrow from the state fiscal agency banks the money necessary to pay the increased salaries of the members of the public service commission. House Concurrent Resolution No. 2, which was adopted in response to the resolution of the state board of liquidation, authorizes, but does not direct, that board to borrow from the fiscal agency banks certain sums for various purposes, including payment of the increased salaries of the public service commissioners. And the resolution of the state board of liquidation merely authorizes the Governor to apply to the Legislature for authority, through the board, itself, to borrow the money.

If it be conceded that House Concurrent Resolution No. 1 grants the authority coupled with the command, and not the authority coupled with the advice, to borrow the necessary funds to pay the public service commissioners, nevertheless it cannot be denied that House Concurrent Resolution No. 6 merely authorizes, without either commanding or advising, the state board of liquidation to effectuate the loan in question. And neither of the legislative resolutions imposes any duty whatever on the Governor; his only duty in the matter being the one imposed on

him by the resolution of the state board of liquidation. The latter resolution, as we have heretofore pointed out, is not mandatory in character. It does nothing more than authorize the Governor to apply to the Legislature for authority to borrow through the state board of liquidation the funds mentioned for the purposes indicated. Hence, the duty of the Governor, if not the duty of the state board of liquidation, to enter into the loan contracts with the state fiscal agency banks, is not a mandatory one, but one resting solely within his discretion and judgment.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., concurs in the decree, but with the understanding that, in view of section 2 of article 4 of the Constitution of 1921, the opinion rendered in this case is not to be construed as an assumption that the Legislature has the power to contract or to authorize the contracting of any debt or liability on the part of the state, except for the purpose of repelling an invasion or suppressing an insurrection; that question, of course, being not raised by either party to this proceeding.