162 So. 577

**STATE ex rel. KREHER v. QUINLAN,**
City Engineer, et al.

No. 32709.

June 19, 1935.

Gamble & Gamble and Michel Musson, all of New Orleans, for appellant.

E. M. Robbert, City Atty., and Henry B. Curtis, Asst. City Atty., both of New Orleans, for appellees.

Hugh M. Wilkinson and Harry Nowalsky, both of New Orleans, for appellee Wilfred G. Miller.

LAND, Justice.

Charles W. Kreher, plaintiff, and Wilfred G. Miller, one of the defendants, own premises on Iberville street, directly across from each other. Miller's premises are located in the square bounded by Iberville, N. Tonti, N. Miro, and Bienville streets; and Kreher's premises are located in the square bounded by Iberville, N. Tonti, N. Miro, and Canal streets in the city of New Orleans. Under section 4 of Zoning Ordinance No. 11302 of that city, these premises are in a class B residence district in which the erection of a storage garage is prohibited.

Plaintiff already has a garage erected on his premises. When defendant proposed to erect a garage on his premises, on the other side of Iberville street, for the storage of trucks in connection with his drayage business, plaintiff opposed the permit.

P. H. Quinlan, city engineer, refused to grant a permit to defendant for the erection of the garage, and he appealed from this decision to the zoning board of appeal and adjustment, created by the city of New Orleans under Act No. 240 of 1926. The decision of the city engineer refusing the permit was reversed by the board, and that officer was directed to issue to defendant the permit for the erection of the storage garage on his premises.

Plaintiff applied for a rehearing before the board, and, after hearing had, his application was refused.

Plaintiff then applied to the civil district court for the parish of Orleans for a writ of mandamus, commanding the board and the city engineer to revoke and set aside the permit granted to defendant.

Defendants, the board, the city engineer, and Miller filed exceptions of no right or cause of action to plaintiff's petition.

From a judgment maintaining these exceptions and dismissing the suit, plaintiff has taken the present appeal.

Act No. 240 of 1926 is entitled "An Act Authorizing the legislative body of all incorporated cities, towns and villages * * * to provide for the appointment of a zoning commission; to provide for the adoption of comprehensive zoning plans; to provide for the change of such regulations, restrictions, and boundaries of zones; to provide for a board of adjustment; the taking of testimony and' objections and rulings thereon; to provide for the taking of appeals to district courts from the rulings or decisions of the board of adjustment; to provide the method of procedure and for other purposes, and repealing all acts and parts of acts inconsistent with the provisions of this act."

It is provided in section 7 of said act that: "Such local legislative body may provide for the appointment of a board of adjustment, and in the regulations and restrictions adopted pursuant to the authority of this act may provide that said board may de-termine and vary their application in harmony with their general purpose and intent and in accordance with general or specific rules contained therein. The board of adjustment shall consist of five members, who shall be freeholders and qualified voters. * * * All meetings of the board shall be open to the public. The board shall keep minutes of its proceedings, showing the vote of each member upon each question, or, if absent or failing to vote, indicating that fact and shall keep records of its examinations and other official actions, all of which shall be filed immediately in the office of the board and shall be public record. All testimony, objections thereto and rulings thereon, shall be taken down by a reporter employed by the board for the purpose. Appeals to the board of adjustment may be taken by any person aggrieved or by any officer, department, board or bureau of the municipality affected by any decision of the administrative officer. * * * The board of adjustment shall fix a reasonable time for the hearing of the appeal, give public notice thereof, as well as due notice to the interested parties, and decide the same within a reasonable time. Upon the hearing any party may appear in person or by agent or by attorney. * * *"

It is apparent, from above provisions, that the zoning board of appeal and adjustment, created by the city of New Orleans under the act, is a quasi judicial board, and that the rulings or decisions of the board involve the exercise of the judgment and discretion of its members, after a public

hearing. It is clear, therefore, that mandamus will not lie to compel the board to hand down a certain ruling when such ruling involves its discretionary powers. State ex rel. Williams v. Long, 172 La. 1028, 136 So. 41.

█ Besides, an adequate remedy is provided for plaintiff in paragraph 3 of section 7 of Act No. 240 of 1926, as follows: "Any person or persons jointly or severally aggrieved by any decision of the board of adjustment * * * may present to the district court of the parish or city in which the property affected is located a petition duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition shall be presented to the court within thirty days after the filing of the decision in the office of the board. Upon the presentation of such petition the court may allow *a writ of certiorari directed to the board of adjustment to review such decision* of the board of adjustment and shall prescribe therein the time within which a return thereto may be made and served upon the relator's attorney, which shall be not less than ten days and may be extended by the court. The allowance of the writ shall not stay proceedings upon the decision appealed from but *the court may, on application, on notice to the board and on due cause shown, grant a restraining order,*" etc. (Italics ours.)

The Legislature, by providing for a writ of certiorari to review the rulings or decisions of the board, has fully recognized

its quasi judicial character, as such writ is directed only to an inferior judge. Code Prac. art. 855.

We find no error in the judgment of the lower court.

Judgment affirmed.