Relator alleges in his petition that on October 31, 1946, he filed an application in proper form with the Commission Council of the City of Baton Rouge for a permit to operate a retail package liquor store in said City for the year 1947; that on November 14th following, he was informed by a letter addressed to his attorney that the Commission Council had rejected his application; that under the law the City was required to give written reasons for its refusal to grant said permit to the Collector of Revenue within 35 days as to the reasons for refusing the permit, and that no such reasons were furnished the Collector of Revenue within said period. He further alleges that he deposited with the City of Baton Rouge the required fee for the issuance of the permit under an ordinance of the City; that he has applied to the Collector of Revenue for a renewal of his license to conduct said business for the year 1947.
Relator prays for a writ of mandamus directed to the Commission Council commanding it to issue the permit to him to conduct the operation of a package liquor store at the place designated in his petition.
The City filed an exception of no cause or right of action which was sustained and relator's suit was dismissed. From this judgment, he has appealed.
The trial judge based his ruling on the ground that it was not the ministerial duty of the Commission Council to issue the liquor permit, and on the further ground that relator had not exhausted his other remedies under the law before attempting to mandamus the city authorities.
Subsection (c) of Section 5 of Act 384 of 1946 (amending Section 5 of Act 15 of 1934) provides that applications for both state and local retailer permits to sell intoxicating liquors shall be made in writing, accompanied by an affidavit of the applicant that he has certain qualifications, and in this connection several qualifications and requirements are listed in the law, one of them being a requirement for publication *Page 83 
by the applicant of a notice in a local paper of his intention to apply for such a permit, designating the place where the business is to be conducted, if the applicant is not asking for the renewal of a permit. Subsection (d) of this same section provides that the applicant shall mail or deliver his application for the permit to the State Collector and the local authority within 24 hours of each other, and if he fails to do so, his application may be denied by either authority. A permit cannot be issued until the expiration of 35 days from the receipt of the application. Subsection (g) of said section 5 gives to the local authorities the power and authority to withhold the issuance of permits in the manner and under the terms and conditions of the act. And subsection (i) paragraph (1) defines the manner in which local authorities shall determine whether or not a permit shall be issued, and states that such local authorities shall investigate all applications and shall withhold the issuance of permits if they have good reason to believe the applicant does not qualify under the provisions of the act. The decision to withhold the issuance of a permit shall be made within 35 days of its filing, and such local authorities shall within said time notify the Collector of Revenue and give reasons for withholding the permit. The Collector of Revenue is required to give the applicant notice within five days of the withholding of the permit with reasons therefor.
It will be seen from the above provisions of the law that the authorities have the right to determine from their investigation whether or not the applicant is qualified and has complied with the law. This investigation and decision involves some discretion and interpretation as to the finding of the facts and the application of the law to the particular situation presented. This right and power of investigation and decision on the part of the local authorities partakes somewhat of a quasi-judicial function.
In the present case, the Commission Council exercised its power and right and refused to issue the permit, presumably after proper investigation and consideration. It rendered its decision within the 35 day period from the time the application was filed. In the answer filed by the City on the same day the exception was filed it is denied that the application was in proper form in that the application did not show that it had been published as required by law, and did not contain other information required by law. No notice of the refusal to grant the permit was given to the Collector of Revenue before this suit was filed.
According to his petition, relator was duly informed of the refusal of the Commission Council to grant him a permit within 35 days from the filing of his application. He has suffered no injury because of the failure of the Commission Council to notify the Collector of Revenue. So far as the record shows, he did not demand of the Commission Council the reasons for its refusal to grant the permit.
Paragraph (1) of Subsection (i) of said Section 5, provides the remedy for an applicant who has been refused a permit by the local authorities by giving him 10 days in which to appeal to the District Court. The paragraph referred to concludes with the following sentence: "If an applicant thus notified does not timely appeal to the said District Court, the Collector of Revenue and the local authorities where the business is located shall not issue the state and local permits."
[1, 2] We are of the opinion that the trial judge was correct in maintaining the exception and dismissing the suit for two reasons: first, the matter to be considered and acted on by the Commission Council was not purely a ministerial duty involving no discretion, and therefore not a proper subject for mandamus; and, in the second place * * * the relator did not exhaust his other remedies. See State ex rel. Kreher v. Quinlan, City Engineer, et al., 182 La. 721, 162 So. 577; State ex rel. Monk v. Police Jury, La. App., 3 So.2d 186.
[3] After the exception was submitted but before it was decided, relator presented a supplemental petition in which he alleged that if the Commission Council *Page 84 
did have discretion in granting or refusing a permit to him, the Council misused and abused its discretion. Conceding that relator had a right to file the supplemental petition, the allegations therein contained still would not set out a cause of action for the reasons already stated, and for the further reason that it does not appear from the allegations of the supplemental petition in what respect the action of the Council was arbitrary or discriminatory.
For the reasons assigned, the judgment appealed from is hereby affirmed at the cost of relator in both courts.