ELLIS, Judge.
Joseph L. Marino filed an application for a retail liquor permit for the location designated as 3306 North Foster Drive, in the City of Baton Rouge, Louisiana. A similar application was made with the Louisiana Board of Alcoholic Beverage Control for a State permit. The City refused to issue the permit and notified the Board of Alcoholic Beverage Control which withheld the issuance of a state permit under the mandatory provisions of LSA-Revised Statutes 26:85.
Plaintiff then filed a mandamus proceeding in the District Court against the City of Baton Rouge and the Louisiana Board of Alcoholic Beverage Control in which he prayed that the defendants be ordered to issue the permit.
Both defendants filed exceptions to the citation, jurisdiction rationae materiae, and no right or cause of action, all of which were overruled, and after the answer was filed and the trial of the case the District Court rendered judgment in favor of the plaintiff as prayed for. One of the defendants, the Louisiana Board of Alcoholic Beverage Control, after judgment took no appeal but issued a state permit, and the case is before us only on a devolutive appeal as provided by law taken by the City of Baton Rouge. The appellant is re-urging all exceptions.
The exception to the citation and to the jurisdiction rationae materiae and no cause or right of action are grounded upon the proposition that the plaintiff was not entitled to proceed summarily and that he had failed to exhaust his administrative remedies as provided by law.
*587 The Legislature created the Board of Alcoholic Beverage Control; gave it general power and jurisdiction to carry out the Alcoholic Beverage Control Law; provided for quasi judicial hearings by the Board; and gave it authority to administer oaths, issue subpoenas for the attendance of witnesses and the production of books, papers, accounts and documents, to examine witnesses and receive testimony; to fine for contempt; to receive pleadings and briefs on behalf of parties concerned and to render decisions.
In the instant case, the Board withheld the issuance of the requested permit merely as a formality pursuant to LSA-R.S. 26:-85; but it rendered no “decision” as that term would apply to a quasi judicial body. There was no hearing; no testimony was introduced before the Board, nor any relief sought there by applicant.
LSA-R.S. 26:103 reads as follows:
“Decisions to withhold, suspend, or revoke permits final unless appealed and reversed
“Decisions of the board in withholding, suspending, or revoking permits and of local authorities in withholding permits are final and binding on all parties unless appealed in the manner provided in R.S. 26:104 and finally reversed by the courts.”
LSA-R.S. 26:104 reads in part:
“Appeals to courts
“Any party aggrieved by a decision of the board to withhold, suspend, or revoke a permit or of the local authorities to withhold a permit may, within ten days of the notification of the decision, take a devolutive appeal to the district court having jurisdiction of the applicant’s or permittee’s place of business, proposed or actual as the case may be. Such appeals shall be filed in the district courts in the same manner as original suits are instituted therein. The appeals shall be tried de novo. Either party may amend and supplement his pleadings and additional witnesses may be called and heard. * * * ”
LSA-R.S. 26:105 is as follows:
“Summary proceedings on appeal
“All proceedings in the district and appellate courts arising under this Part are civil in nature and shall be heard summarily by the court, without a jury, shall take precedence over other civil cases, and shall be tried in chambers or in open court, and in or out of term.”
LSA-R.S. 26:106 is as follows:
.“Interference by courts prohibited
“When the board or local authorities have withheld the issuance of a permit or when the board has summoned a permittee to show why his permit should not be suspended or revoked, the courts of this state have no jurisdiction to interfere in any manner or to issue restraining orders and writs of injunction restraining the board from proceeding under the provisions of this ■Chapter. The jurisdiction of the courts is restricted to appeals as provided in R.S. 26:104.”
It is the contention of the plaintiff that upon the refusal by the city to issue the permit and the withholding of the State permit, he was then authorized in law to proceed in the District Court. A mere reading of the above quoted provisions of the law is sufficient answer to this contention. The law clearly contemplated no interference by the courts unless and until an applicant had exhausted the remedies afforded him under the Act. We have no decision of the Board nor do we have an appeal by the plaintiff from any action taken by the Board or the City.
In the case of State ex rel. Campagna v. City of Baton Rouge, La.App., 32 So.2d 82, 83, an application was made to the Commission Council of the City for a permit to operate a retail package liquor store which was refused, whereupon the applicant prayed for a writ of mandamus directed to the Commission Council commanding it tO' issue the permit to him, to which the City filed an exception of no cause or right of action on the ground that it was not the mandatory duty of the Com *588 mission Council to issue the permit and on the further ground that the relator had not exhausted his other remedies under the law before attempting to mandamus the City authorities. It is shown that the law applicable in that case provided an appeal to the District Court by an applicant who had been refused a permit by the local authorities. The Court in that case held:
“We are of the opinion that the trial judge was correct in maintaining the exception and dismissing the suit for two reasons; first, the matter to be considered and acted on by the Commission Council was not purely a ministerial duty involving no discretion, and therefore not a proper subject for mandamus; and, in the second place * * * the relator did not exhaust his other remedies. See State ex rel. Kreher v. Quinlan, City Engineer, 182 La. 721, 162 So. 577; State ex rel. Monk v. Police Jury, La.App., 3 So.2d 186.”
Recently this Court in Richardson v. Parish Council of the Parish of East Baton Rouge, La.App., 53 So.2d, 458, held that where the Parish Council of the Parish of East Baton Rouge had refused to issue a permit to sell beer and the applicant failed to appeal the Council’s decision to the Board of Tax Appeals, the District Court was without jurisdiction rationae materiae since the applicant had failed to exhaust his administrative remedies. While a beer permit was involved in the Richardson case, the principle was the same as in the present case. The law with regard to a beer permit and a liquor permit is the same insofar as an applicant’s remedies upon refusal are concerned, both providing for appeal and no interference by the court other than through the right of appeal. See also' O’Meara v. Union Oil Co. of California, 212 La. 745, 33 So.2d 506; Porter v. O’Neal, 205 La. 445, 17 So.2d 622; Shreveport Laudries, Inc., v. Southern Cities Dist. Co., 176 La. 996, 147 So. 56; State ex rel. Loraine, Inc. v. Adjustment Board of City of Baton Rouge, 220 La. 708, 57 So.2d 409 and cases cited therein.
Qearly plaintiff should have exhausted his administrative remedies provided by the law and then, if he did not obtain relief, he could have appealed to the District Court as provided by law. Pie was without right to proceed by mandamus.
For the above reasons the judgment of the District Court is reversed, the exception to the jurisdiction rationae materiae and no1 cause or right of action are hereby sustained and the plaintiff’s suit dismissed at his cost.