## HECHT, et al v. TAX ASSESSOR, et al.
### No. 67-18251.
Circuit Court, Dade County.

April 30, 1969.

Paul E. Gifford of Dubbin, Schiff, Berkman & Dubbin, Miami, for plaintiffs.

Thomas C. Britton, County Attorney, John G. Fletcher, Assistant County Attorney, for defendants.

J. GWYNN PARKER, Circuit Judge.

*Final judgment:* This cause came on for non-jury trial the 25th day of March, 1969, testimony being presented on behalf of all parties, memoranda of law being submitted the 21st day of April,

1969. The court having considered all of the evidence and memoranda on behalf of the parties, concludes as follows —

*Findings of fact*

The individual plaintiffs are general partners in a limited partnership known as West Flagler Associates, Ltd., and, in such capacity, are the owners of the subject property, known as the West Flagler Kennel Club, the complaint seeks review of the 1967 tax assessment on the subject property.

The defendants are Dade County and the taxing authorities for the county, including the state comptroller, a party to this lawsuit pursuant to §196.14, Florida Statutes. The defendants valued the subject property for the tax year 1967 in the amount of $3,819,980.

The subject property is a dog racing track located at N.W. 7th Street and 37th Avenue in the city of Miami. The improvements on the subject property include a dog track, clubhouse, grandstand, dog house, tote building and slat house. These improvements contain air conditioning systems, lighting systems, escalators and all the appurtenances necessary for the operation of the dog racing track. The land on which the improvements are situated consists of approximately 29.7 acres.

The zoning on the subject property is C-2, community commercial; R-1, one-family dwellings; and C-4, general commercial. The race track operation, however, is a non-conforming use, having existed prior to enactment of the present zoning classifications.

The subject property is income-producing, the pari-mutuel handle for 1966 through 1968 averaging $38,201,129 per year. This income is produced by the real property, personal property and the racing permit covering these properties.

Plaintiffs have challenged the land value allocation made by the taxing authorities. They have "accepted" the replacement cost ascribed to the improvements by the defendants, but have challenged depreciation figures used to arrive at the authorities' allocation of value to the improvements. Their expert witness, Marion C. McCune, limited his testimony to the land (as if vacant) value, and the depreciation of the improvements. He did not arrive at an independent conclusion as to the cost of replacement of the improvements. Plaintiffs' expert thus limited his testimony to a partial cost or summation approach, nor did he consider the income approach to valuation, although he testified that the latter is applicable to the real property by determining the total value of the racing plant, then deducting the value of the personal property and the value of the racing permit, which items contribute to the income stream.

Theodore W. Slack, the independent appraiser who testified for the taxing authorities, based his conclusion of value on the market data approach, cost or summation approach, and the income approach. He testified that the most reliable method is the income approach (deducting the value of the personal property and of the racing permit from the total value of the racing plant).

The court finds as a matter of fact that the most reliable approach to arriving at the fair market value of the subject property is the income approach as briefly outlined above.

### Conclusions of law

Plaintiffs contend that since the tax assessor used the cost or summation approach to assess the subject property, plaintiffs need only show that he erred in some manner in using that hypothesis of valuation. Defendants contend that the real and sole issue is the fair market value of the subject property on January 1, 1967, and it matters not how the amount of the assessment was reached so long as it does not exceed fair market value. Plaintiffs additionally contend that the tax assessor is bound by his own opinions as to the replacement cost of the improvements, as expressed in answers to interrogatories, and cannot bring in an outside appraiser to support the ultimate conclusion as to the value of the property.

After considering the memoranda the court concludes that the real and sole issue herein is the fair market value of the subject property on January 1, 1967, and not the method used by the tax assessor in arriving at his valuation. As stated in Homer v. Connecticut General Life Insurance Company, 213 So.2d 490 (Fla. App., 1968), at page 492 —

> "[W]e must agree with appellants who point out that the amount of the assessment, not the manner of arriving at it, is the issue being defended in this case."

This court has been called upon herein to determine whether the tax assessment valuation exceeds the fair market value of the subject property. To do that it must have demonstrated to it, by plaintiffs, who have the burden of proof, the fair market value of the property, as determined by an analysis of all of the factors of §193.021, Florida Statutes. This is done if plaintiffs present testimony as to all approaches, or hypotheses, of valuation. Aeronautical Communications Equipment, Inc. v. Metropolitan Dade County, 219 So.2d 101 (Fla. App., 1969); Powell v. Kelly, 214 So.2d 347 (Fla. App., 1968); St. Joe Paper Co. v. Brown, 210 So.2d 725 (Fla. App., 1968); and see City of Tampa v. Colgan, 162 So. 577 (Fla., 1935).

Thus, in accordance with *Aeronautical,* supra, unless plaintiffs demonstrate that the assessment cannot be supported by any applicable approach to valuation, they cannot prevail, as they have not proven to the court the fair market value of the property, and, as an ultimate consequence, have not proven that the assessment exceeds fair market value.

In the instant case the plaintiffs failed to present evidence as to all applicable approaches, including the income approach. It is this court's finding that the greater weight must be given to the income approach, as this type of property is bought and sold on the basis of the income it produces. Further, the uniqueness of the property makes it difficult to find sales of comparable properties on which to base an opinion through the market data approach.

Not only did plaintiffs fail to demonstrate the fair market value of the property, but the defendant taxing authorities demonstrated that the assessment valuation is not in excess of fair market value. Fair market value being the amount at which the assessment must be fixed (Walter v. Schuler, 176 So.2d 81 [Fla. 1965]), and the court being satisfied that the assessment challenged herein does not exceed such value, it is therefore ordered, adjudged and decreed — (1) The 1967 tax assessment on the subject property is not disturbed by this court. (2) The relief requested by plaintiffs is denied and the complaint is dismissed with prejudice.