479 So.2d 401 (1985)
Frank H. RAYBORN
v.
LIVINGSTON PARISH POLICE JURY.
No. 84 CA 0867.
Court of Appeal of Louisiana, First Circuit.
November 19, 1985.
James Kuhn, Asst. Dist. Atty., Denham Springs, for defendant-appellant.
Haydn Berey, Livingston, for plaintiff-appellee.
Before LOTTINGER, COLE and CRAIN, JJ.
CRAIN, Judge.
This matter is on appeal from a judgment of the trial court in favor of Frank H. Rayborn (Plaintiff) and against the Livingston Parish Police Jury (Defendant). This judgment declared that the defendant acted unreasonably in denying the plaintiff's application for a class A retail beer permit.[1] The court then issued a writ of mandamus ordering the permit issued. From this judgment the defendant has appealed.[2]

*402 FACTS
Sometime in late 1983 or early 1984 plaintiff applied for a retail beer permit to sell low content alcohol at his business establishment, the "Cozy Corner" lounge in Satsuma, Louisiana. The defendant denied his application and plaintiff filed this suit in February, 1984. In his original petition, the plaintiff alleged that the denial of the permit was without just cause. By amended petition, plaintiff alleged the local ordinance governing issuing such permits exceeded the powers granted the police jury by La.R.S. 26:79-85, and was therefore unconstitutional. He further alleged that the ordinance was unconstitutionally vague. The parties entered into a joint stipulation at the hearing on the matter as to what their respective witnesses would testify. Thus, no witnesses were called. They stipulated to the following nine points:
1. That the Cozy Corner Lounge is near three churches;
2. That a bar is offensive and annoying to the witnesses for the Livingston Parish Police Jury;
3. That a bar could become a nuisance to the witnesses for the Livingston Parish Police Jury;
4. That drinking and criminal acts are associated with taverns;
5. That a homicide has occurred at this location when it was operated by another party;
6. That alcohol is a large factor in traffic accidents;
7. That the Cozy Corner Lounge is not located within 300 feet of any church, synagogue, library, school or playground;
8. That Frank H. Rayborn complied with all the requirements of law with regard to advertisement, submission of his application for the permit properly notarized, and complied with all state and parish regulations which are required to be issued a permit to operate this establishment;
9. That Frank H. Rayborn acquired these premises for the purposes of re-opening and operating the Cozy Corner Lounge for the purposes of selling beer for consumption on the premises.
No other evidence was introduced at the hearing. The judge rendered judgment in favor of plaintiff and defendant appealed. Two assignments of error are alleged: 1) The trial court erred in not making a specific ruling on the constitutionality of a local ordinance alleged to be unconstitutional by the plaintiff; 2) The trial court erred in granting the writ of mandamus ordering an alcohol permit as the permit was properly denied by the parish's governing authority. We consider the assignments together.

CORRECTNESS OF DENIAL OF THE PERMIT UNDER THE ORDINANCE
Defendant argues that the trial court erred in not passing on the constitutionality of its local parish ordinance § 3-71. Essentially it argues that the trial court could have ruled for plaintiff only if it found the ordinance to be unconstitutional. It urges that this court must determine if the lower court's ruling has the effect of declaring *403 the ordinance unconstitutional. We disagree. The Livingston Parish ordinance § 3-71 reads as follows:
Every application for a permit under this article shall state the exact location it is desired to conduct the business, and the permit shall be confined to said location, provided that the said police jury may deny the application for permit because the proposed location is an improper one or is difficult of police regulation, or offensive to the neighborhood, or apt to become a nuisance, too near churches, schools or other simular [sic] institutions, or for other reasons, for the manifest best interest of the community and parish, and public policy and morals. No change in location shall be allowed under a permit once granted, but a new application shall be presented if another location is desired and the manner handled as in the case of an original application.
The law appears well established that under the authority of La.R.S. 26:494,[3] subdivisions of the state can enact ordinances which go beyond state law in the regulation of alcohol permits if such ordinances are "necessary for the protection of public health, morals, safety and peace." La.R.S. 26:494, Brousseau's Inc. v. City of Baton Rouge, 400 So.2d 1188 (La.App. 1st Cir.1981). A local ordinance cannot, of course, exceed the state law in areas where state law specifically prohibits it, such as La.R.S. 26:280 which limits local authority to prohibit alcohol business solely because the location is within a specified distance of a church or school. We note from the outset that the language of the ordinance is so broad that we can foresee great difficulty in relating it to the public health, morals, safety and peace. However, courts should refrain from decisions on constitutionality of laws where such are not necessary for disposition of the matter in dispute. Benson & Gold Chev. v. La. Motor Veh. Com'n., 403 So.2d 13 (La.1981).
The only fact evidence before this court and the court below is the joint stipulation. Based on this joint stipulation our review indicates no error of law on the lower court's part in finding the police jury acted arbitrarily and unreasonably in denying the permit under the ordinance.
The first item of the stipulation is that "[The] Cozy Corner Lounge is near three churches." La.R.S. 26:494 is a general grant of power to the jury to enact ordinances such as § 3-71. However, La.R.S. 26:280(C) provides a specific limitation in which a permit can be prohibited in regards to distances from a church. It reads in pertinent part: "When prohibited by ... parish ordinance no permit shall be granted for any premises situated within 300 feet or less ... [of a] church...." Thus, the legislature has specifically prohibited the denial of a permit if the location is greater than three hundred feet from a church. Item 7 of the stipulation indicates that the location is outside of this zone. Therefore, in this case, the nearness of the location to three churches is immaterial and cannot be considered by the defendant as long as the location is outside of the zone prescribed by La.R.S. 26:280(C).
In regards to the remaining items, we find they present no evidentiary basis for denying the permit. § 3-71 states that "[T]he said police jury may deny the application for a permit because the proposed location "violates one of the conditions of the ordinance. (Emphasis ours). Clearly the defendant is required to make its findings based on evidence adduced as to the proposed location. There is no evidence whatsoever that the proposed location here violates any of the criteria of § 3-71. Item 2 of the stipulation provides "That a bar is *404 offensive and annoying to the witnesses...", not this bar. (Our emphasis) Item 3 similarly provides "That a bar could become a nuisance ..." not this bar. (Our emphasis). Item 4 provides that "drinking and criminal acts are associated with [bars]", not this bar. Item 6 states that alcohol plays a large factor in traffic accidents, not this bar. These statements do not connect the criteria of the ordinance to the proposed location.[4] They are so broad and general that they are applicable to any bar anywhere and could be used to ban all permits in the parish.[5] Denial of the permit in this case, based on these items, is in contravention of the defendant's own ordinance.

DISPOSITION BY TRIAL COURT
The result reached by the trial court is correct. The procedure used by the applicant and the issuance of a writ of mandamus by the trial court based on that procedure is incorrect.
La.R.S. 26:104 sets forth the procedures for an applicant who has been denied a permit by a local authority. That party is to appeal to the district court having jurisdiction within 10 days of the denial. Here the applicant sued for a writ of mandamus in the district court alleging an improper denial of a permit. The trial court granted the mandamus. It is clear that mandamus is not the appropriate remedy from the denial of a permit because the duty to issue a permit is not simply ministerial, and there is a specific remedy provided for by law. Barlotta v. Jefferson Parish Council, 212 So.2d 220 (La.App. 4th Cir.1968). However, no objection has been raised to the procedure or its timeliness and the record contains no documentation from which we can draw our own conclusions. Consequently, we will treat the mandamus proceeding filed in district court as an appeal from a denial of the permit filed within 10 days of the denial. We amend the judgment of the district court to reverse the denial of the permit by the police jury and to order the same granted. As amended, to reflect the granting of the permit on appeal, we affirm the judgment of the district court, costs to be paid by appellant.
AMENDED AND AFFIRMED.
NOTES
[1] Plaintiff's pleadings are based on the denial of his application for a class "B" retail beer permit. However, the judgment and writ issued were for a class "A" retail beer permit and the plaintiff did not complain of this discrepancy. It is apparent from item 9 of the joint stipulation that plaintiff wished to sell beer for consumption on the premises which can only be accomplished with a class "A" retail beer permit. La. R.S. 26:271. The stipulation further alleges the permit was properly applied for and we assume the original application was for a class "A" permit.
[2] We note Sua Sponte a procedural conflict, potentially fatal to this appeal. La.R.S. 26:302 is found in Chapter 2 dealing with low alcohol content permits, such as the one in this case. It provides that appeals from district court judgments are to be taken within 10 days and shall be devolutive. La.R.S. 26:104, found in Chapter 1 deals with high alcohol content beverages and allows the Police Jury to file a suspensive appeal within normal (30 day) delays. In this case, the Police Jury filed a suspensive appeal greater than 10, but less than 30 days from signing of the judgment. A strict interpretation of La.R.S. 26:302 would require dismissal of the Police Jury's' appeal, as the 10 day period had elapsed. However, La.R.S. 26:791 et seq. merged the Board of Alcoholic Beverage Control (Chapter 1, high content) with the Beer Permits and Enforcement Section of the Department of Revenue (Chapter 2, low content) into the Commission on Alcoholic Beverages. La. R.S. 26:793 provides that all hearings in regards to both high or low alcoholic content permits shall be heard by the commissioner in accordance with La.R.S. 26:96 through La.R.S. 26:106. We are of the opinion that the intent of this merger and these statutes was to provide a uniform hearing and appeal procedure for permits for beverages of both high and low content alcohol. See Comments to La.R.S. 26:302.

We are also of the opinion that the legislature did not intend any appellate procedural dichotomy to exist between hearings before the commissioner and hearings before local authorities. Therefore, we regard the suspensive appeal taken by the defendant as proper and timely.
[3] La.R.S. 26:494 provides in pertinent part as follows:

"Except as limited by the provisions of this Chapter the various subdivisions of the state may regulate but not prohibit, except by referendum vote as provided by Chapter 3, this Title or by legally authorized zoning laws of municipalities, the business of wholesaling, retailing, and dealing in alcoholic beverages. However, no parish or municipality shall, in the exercise of its police power, regulate the business of selling such beverages more than is necessary for the protection of the public health, morals, safety, and peace."
[4] We find that the reference to a homicide which occurred prior to plaintiff's acquisition of the lounge to be irrelevant.
[5] Parishes can, of course, ban all alcohol sales, but only pursuant to a referendum vote. La. R.S. 26:581, et seq. Such a result cannot be accomplished solely through local police juries. If we were to find the evidence presented met the criteria of the ordinance, then unquestionably the ordinance would be unconstitutional for the simple reason that it could be applied to deny any alcohol permit even when the sale of such has not been prohibited by referedum vote.