NORRIS, Judge.
The plaintiff, Robert Lee McGee, appeals from the trial court’s denial of his petition for mandamus to compel the City of Bossier to issue him a “Class A Beer (low content)” dealer’s permit. Appellant makes numerous assignments of error, but we do not reach his substantive arguments, as we find the appeal is not properly before us.
This case arose when plaintiff’s application for an alcoholic beverage permit was denied by the Mayor’s designee, and then denied by the City Council upon appeal to that body. Apparently the petition for mandamus was filed the day before the hearing by the City Council.
McGee had no right to proceed by mandamus; the duty to issue a permit is not simply ministerial and there is a specific remedy provided for by law, appeal to the district court. LSA-R.S. 26:302; LSA-C.C.P. Art. 3862; Walker v. Allen, 281 So.2d 693 (La.1973); Barlotta v. Jefferson Parish Council, 212 So.2d 220 (La.App. 4th Cir.1986); Rayborn v. Livingston Parish Police Jury, 479 So.2d 401 (La.App. 1st Cir.1986); Marino v. City of Baton Rouge, 61 So.2d 586 (La.App. 1st Cir.1952).
However, defendants filed neither a dilatory exception of either prematurity or unauthorized use of summary proceedings; [1] nor a peremptory exception of no *1224 right or cause of action.[2]
Accordingly, since there has been no objection to the use of mandamus procedure, and the petition for mandamus was filed within the ten day delay specified in LSA-R.S. 26:302, we will treat it as an appeal from a denial of the permit pursuant to that statute. Rayborn v. Livingston Parish Police Jury, supra.
When the case is in this posture we note that the appeal from the district court’s judgment was not filed timely. R.S. 26:273 authorizes municipalities to require and issue local permits for beverage of low alcoholic content similar to those issued by the Collector of Revenue. The municipal authorities may withhold the issuance of permits in accordance with Chapter 2 of LSA-R.S. 26. LSA-R.S. 26:282. Any decision by the local authorities to withhold a permit is final and binding unless appealed in the manner provided in R.S. 26:302 and finally reversed by the courts. LSA-R.S. 26:301. R.S. 26:302 [3] specifically provides that the devolutive appeal must be “within ten calendar days of the signing of the judgment by the district court ..The judgment was signed February 3, 1987; McGee’s appeal was filed February 23, 1987. Plaintiff’s appeal, 20 days after the judgment was signed, is not within the limits set. Cf. Day v. Alcoholic Beverage Control Board, 431 So.2d 54 (La. App. 1st Cir.1983), writ denied 437 So.2d 1152 (La.1983); Anderson v. City of Baton Rouge, 381 So.2d 842 (La.App. 1st Cir. 1980).
The question of timeliness of an appeal is jurisdictional and must be considered. Gilcrease v. Gilcrease, 438 So.2d 658 (La.App. 2d Cir.1983), writ denied 442 So.2d 461 (La.1983); Anderson v. City of Baton Rouge, supra. Since the appeal was not timely made, we dismiss the appeal.
Costs of the appeal are assessed to the appellant.
DISMISSED.

. LSA-C.C.P. Art. 926; Sears, Roebuck & Co. v. Larose, 460 So.2d 8 (La.App. 1st Cir.1984); Me-lancon v. Police Jury of Lafayette, 301 So.2d 715 (La.App. 3d Cir.1974).

. LSA-C.C.P. Art. 927; Marino v. City of Baton Rouge, 61 So.2d 586 (La.App. 1st Cir.1952).

. We note that the merger of the authorities controlling high and low alcoholic beverages at the state level (R.S. 26.791 et seq.) and the provision that all suspension and' revocation hearings regarding both high and low alcoholic content permits shall be regulated in accordance with 26:96 through 26:106 (LSA-R.S. 26:793) would probably affect the procedure for appeals from decisions by local authorities. However, 26:302 and 26:104 have matching appeal delays for an unsuccessful applicant from the district court; both 26:301 and 26:103 provide that decisions of local authorities to withhold permits are final unless appealed as provided in 26:302 and 26:104, respectively; under the provisions of either section the result in this case would be the same. Therefore, the question of any possible ramifications does not arise here. Cf. Rayborn v. Livingston Parish Police Jury, supra.