On Rehearing
Before BROWN, GASKINS, CARAWAY, DREW and LOLLEY, JJ.
LOLLEY, J.
 We granted rehearing to further review whether the Shreveport City Council (the “City Council” or “City”) abused its discretion when it reversed the decision of the Zoning Board of Appeals (the “ZBA”) which granted the special exception use to Roland Toups for his proposed Thrifty Liquor store and the property owners. The City Council decision was driven by the fearful concerns of a vocal opposition before it. We conclude that the denial of the special exception use was not based on objective and valid reasoning and was, therefore, arbitrary and capricious.
The appropriate standard of review for cases such as this is clear and well established, and neither party challenges the applicability of the jurisprudence. As already stated in the majority’s original opinion:
The property owner has the burden to establish by a preponderance of evidence that the decision to deny the special exception has no substantial relationship to public health, safety, morals or general welfare of the municipality. King v. Caddo Parish Commission, 1997-1878 (La.10/20/98), 719 So.2d 410; Prest v. Parish of Caddo, 41,039 (La.App.2d Cir.06/02/06), 930 So.2d 1207.
A prima facie presumption of validity attaches to zoning board actions. A reviewing court cannot substitute its own judgment; it cannot interfere absent a showing that the board was arbitrary and capricious or abused its discretion. Clark v. City of Shreveport, 26,638 (La.App.2d Cir.05/10/95), 655 So.2d 617; Papa v. City of Shreveport, 27,045 (La.App.2d Cir.09/29/95), 661 So.2d 1100, writ denied, 1995-2544 (La.01/05/96), 666 So.2d 295. Generally, the action of a governmental body is arbitrary and capricious and unreasonable if it bears no relation to the health, safety, or general welfare of the public. Clark v. City of Shreveport, supra; Papa v. City of Shreveport, supra.
[[Image here]]
A reviewing court does not consider whether the district court manifestly erred in its findings, but whether the zoning board acted arbitrarily, capriciously or with any calculated or prejudicial lack of discretion. King v. Caddo Parish Commission, supra.
In our de novo review of the matter, we have considered the proceedings before the City Council and the hearing at the trial court. In so doing, we are called to consider whether the City Council’s decision to deny the special exception has no substantial relationship to the public health, safety, morals or general welfare of the municipality. Applying the applicable *417 standard of review, we conclude that the City Council acted arbitrarily and capriciously in its denial of Thrifty Liquor’s special exception use for the following reasons.[1]
Initially, the record reflects that the property owners met all the requirements under the ZBA guidelines for approval of the special exception use, and, in fact, when making the application, the owners specifically addressed some of the precise concerns of the opposition. There have been no allegations that the MPC and/or the ZBA failed to properly investigate the application for the zoning change and the special exception use. Probably the most important and primary factor in granting a special exception use to sell alcohol, both high and low content, is consideration of the location. Here, the zoning of the property was ultimately determined to be B-3 (a commercial designation).[2] Additionally, the proposed Thrifty Liquor store meets the 300 feet requirement prescribed by Shreveport Code of Ordinances Sec. 10-82, which bans the sale of alcohol within 300 feet of schools, churches or synagogues, and playgrounds. Thus, the proximity of such establishments to the proposed Thrifty Liquor store is immaterial in that they far exceed the 300 feet maximum prescribed by the city ordinance, as well as La. R.S. 26:281. See Rayborn v. Livingston Parish Police Jury, 479 So.2d 401 (La.App. 1st Cir.1985).
Was there a substantial relationship to the public health, safety, morals or general welfare of the municipality to justify the denial of the special exception use by the City Council, and subsequently the trial court? We believe the evidence indicates not. The opposition presented at the City Council and the trial court was essentially the same, and almost entirely all of it came from members of two nearby churches and their employees (in fact, the appeal to the City Council was brought by a pastor of one of the churches). Arguments and concerns were made that the Thrifty Liquor would create an environment of heavier traffic, drunk drivers, and a higher violent crime rate — all of which would put the children attending the nearby church school in peril. Of course, we recognize that heavy traffic, drunk drivers and high crime are each a bane to our society in general. However, as already stated in the dissent to the original opinion, a review of the record does not support these concerns as they pertain to this particular Thrifty Liquor store — there were no objective facts presented to support the arguments of the opposition.
We wholeheartedly respect the importance of public opinion as it relates to zoning issues, and here, the special exception use. Furthermore, we acknowledge the following assertion from King, supra: “Because zoning falls under the jurisdiction of the legislature, courts will not interfere with their prerogative unless their action is palpably erroneous and without any substantial relation to the public *418 health, safety or general welfare.” Id. at 418, citing, Four States Realty Co., Inc. v. City of Baton Rouge, 309 So.2d 659 (La.1974). Additionally, we observe the following from Four States Realty Co., supra, that:
The terms “arbitrary and capricious action” when used in a manner like the instant one, must mean willful and unreasoning action, absent consideration and in disregard of the facts and circumstances of the case. On the other hand, when there is room for two opinions, action is not arbitrary or capricious when exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has been reached.
Id. at 665, citing Rathkopf, The Law of Zoning and Planning, 3rd ed.1974, Cumulative Supp. Vol. 1, pages 2-26 (emphasis added). Had this been a case involving only two opposing opinions, it stands that the City Council’s choice between the two would not have necessarily been arbitrary or capricious. However, in this case, neither the City Council nor the trial court was presented with “two opinions.” Rather, they were presented with the opinion of the opposition versus the rational and objective facts supporting the application. The opposition could have supported their opinion with facts, but failed to do so. Ultimately, we conclude that when an opinion is not substantiated but is merely unfettered fear, and that opinion is weighed against objective fact, then the denial of the special exception use is necessarily arbitrary and capricious.
One of the chief concerns mentioned by the opposition was traffic. In fact, as one of its reasons for affirming the denial, the original majority opinion noted traffic concerns especially with “novice teen drivers” from the Calvary Baptist Academy. The original majority opined that the Thrifty Liquor would increase the likelihood of traffic accidents in the immediate area as a result of patrons being able to purchase a frozen drink at the drive-thru window. Notably, Bert Kouns Industrial Loop is a major arterial road (as suggested by its name), which, according to Roy Jambor, senior planner for the Shreveport Metropolitan Planning Commission of Cad-do Parish, means the highway sees “a lot of traffic.” That is obvious just by looking at it — Bert Kouns Industrial Loop is a multi-laned highway with a high speed limit, which is indicative of heavy traffic. We take judicial notice that there already is heavy traffic on Bert Kouns Industrial Loop, and there was no objective evidence by the opposition that showed that this particular establishment would add dangerously to the traffic. This type of commercial business is perfectly compatible with the nature of the area, and it does not reason that a purely speculative increase in traffic by one more business, in a commercial district, should be a basis for denial.
Additionally, at the MPC stage of the zoning application, the possibility of increased traffic was thoroughly addressed. The trial court considered the testimony of Byron Tindell, the district traffic operations engineer with the Louisiana Department of Transportation and Development (the “DOTD”). Tindell confirmed that Bert Kouns Industrial Loop was a state highway (which he categorized as a “principal arterial”) within his jurisdiction, and as a result, he had reviewed the application made by Toups. He testified that generally when the DOTD considers a zoning proposal, he looks at safety concerns and decides whether:
we need to shift a driveway, do we need to signalize an intersection, do we need to add turn lanes, just what is needed to provide adequate access to *419 the proposed development as well as keeping it safe for not only constituents coming in and out of the business, but the people that are traveling up and down the highway that may not even be going there....
Ultimately, after consultation with Tindell, the MPC came up with a plan for the store which would not adversely affect traffic in that area for a single business like Thrifty Liquor. In short, traffic concerns were addressed and changes made to the satisfaction of the MPC. Moreover, there was no evidence by the opposition that there were more drunk drivers in the vicinity of such a package liquor store, a related concern propagated by the opposition. We fail to see how the drive-thru window would necessarily equate to drunk drivers in the immediate area. As described, the drive-thru window is used for various transactions at the Thrifty Liquor, not only purchasing frozen alcoholic beverages. Realistically, an individual who is prone to break city and state ordinances and imbibe in an alcoholic beverage in her vehicle will be just as likely to purchase a cold beer at the nearby Shell or Raceway stations as she would, be to drive through at the Thrifty Liquor.
Another concern of the opposition was that crime would increase because of the liquor store. Again, there was no factual support before the City Council or the trial court that in any way proved this assertion. The opposition had some articles printed off the internet; however, those articles were unsubstantiated. Notably, one of the articles brought before the City Council and relied upon by the opposition had nothing to do with crime and Thrifty Liquor locations in Shreveport, Louisiana — they pertained to crime studies in Oakland, California. Such evidence is hardly persuasive to support the position that liquor stores attract violent crime. Unsubstantiated fear of crime that may come is hardly a legitimate, logical or legal reason to deny the special exception use for this particular business, no matter how many people might speak out and share the opinion.
As observed herein, the City of Shreveport had every resource to prove that the fears of the opposition were valid, yet it failed to do so. Surely, the City had the ability to present objective evidence that more violent crime, higher traffic, and drunk driving exists in the vicinity of the various Thrifty Liquor stores in Shreveport.[3] Those types of statistics would readily be available to the City in that they all pertain to areas in which the City has direct control — -traffic and crime. Moreover, we believe that the fears of the opposition can also be addressed in legal and more appropriate ways than in denying a property owner the legal due process rights to his property. If the citizenry in the area are concerned with traffic on Bert Kouns Industrial Loop they can entreaty the City to address the high traffic in the area through its office of Traffic Engineering; as to crime, the Shreveport Police Department is available to increase patrols in the area; as to the proximity of liquor to their churches and schools, they can lobby their state legislators and city leaders to increase the minimum distance at which those establishments can sell alcohol; and, finally, as to drunk driving, they can fight for tougher DWI laws with stiffer penalties, advocate for more persistent police methods to apprehend drunk drivers, and support education for minors regarding the dangers of drunk driving.
We also distinguish the facts of this case from those of King, supra. In King, the plaintiffs wanted a special exception *420 use and a variance in order to permit video poker at their truck stop. Notably, the truck stop was in a rural area that was zoned B-2, a lighter commercial area than that which is at issue here. There were single-family and multi-family residences close by in the surrounding area. Moreover, the other establishments in the vicinity that had been granted a special exception use for video poker were not similarly situated in that they were in an area with different zoning.
Finally, we acknowledge the applicability of La. R.S. 26:493, which specifically states as follows:
Except as limited by the provisions of this Chapter the various subdivisions of the state may regulate but not prohibit, except by referendum vote as provided by Chapter 3 of this Title or by legally authorized zoning laws of municipalities, the business of wholesaling, retailing, and dealing in alcoholic beverages. No parish or municipality shall, in the exercise of its police power, regulate the business of selling such beverages more than is necessary for the protection of the public health, morals, safety, and peace. (Emphasis added).
A municipality may only regulate the business of selling alcoholic beverages no “more than is necessary” to protect the public health, morals, safety, and peace. In other words, a parish or municipality does not have absolute empowerment to regulate alcohol, because it cannot exceed that which is necessary to protect the public health, morals, safety, and peace.
Here, in denying the special exception use for the Thrifty Liquor, the City Council did more than was necessary to regulate the business of selling alcohol in light of the objective evidence before it. There was absolutely no substantial relationship to the public health, safety, morals or general welfare of the City to justify the denial of the special exception use, because lathe fears expressed in opposition to the special exception use for the proposed Thrifty Liquor were not based on fact. The City Council allowed unfettered fear and rank speculation to lead to unnecessary and illegal action. As stated, we have great respect for the will of the people. However, when considering the nature of the location on a major, arterial thoroughfare, we believe the City Council exceeded its power and did more than was necessary by denying the special exception use to Toups and the property owners. Therefore, we conclude that the Shreveport City Council acted arbitrarily and capriciously in denying the special exception use, and the trial court’s subsequent determination affirming that decision was in error.
Conclusion
The trial court’s judgment affirming the Shreveport City Council’s denial of a special exception use for the proposed Thrifty Liquor store on Bert Kouns Industrial Loop is reversed. Costs of this appeal are assessed against the City of Shreveport in accordance with the provisions of La. R.S. 13:5112 in the amount of $2,710.47.
REVERSED AND RENDERED.
GASKINS, J., respectfully dissents for the reasons expressed in the original opinion.
CARAWAY, J., dissents with written reasons.

. We note the dissenting opinion by Judge Sexton in Papa v. City of Shreveport, supra. Judge Sexton dissented from the majority, which upheld the denial of a special exception use for alcohol sales, believing that the City Council's actions were arbitrary and capricious. Further, he pointed out in his dissent that a special exception use is superior to a variance, because it allows the owner to use his property as expressly permitted by the zoning ordnance. Id. at 1105.

. Although the City Council reversed the MPC's zoning of the property from R-A to B-3, the trial court properly reversed that determination, finding that the City Council’s actions were a “non uniform zoning treatment and inconsistent use of police power, which is arbitrary and capricious....” That issue is not before this court on appeal.

. The stores have been located in the Shreveport/Bossier City area since 1961.