212 So.2d 220 (1968)
Anthony BARLOTTA
v.
JEFFERSON PARISH COUNCIL and Alwynn J. Cronvich, Sheriff of Jefferson Parish, et al.
No. 3066.
Court of Appeal of Louisiana, Fourth Circuit.
June 10, 1968.
*221 John F. Rau, Jr., Harvey, for plaintiff-appellant.
Robert H. Fray, Gretna, for defendants-appellees.
Before YARRUT, SAMUEL and JOHNSON, JJ.
JOHNSON, Judge.
On January 6, 1967, plaintiff, Anthony Barlotta, filed his application with the Parish Council of Jefferson Parish for a permit to sell alcoholic beverages for the calendar year 1967. On February 16, 1967, the parish council denied the application and gave written notice to plaintiff of the refusal to grant the permit with reasons therefor. The notice was received by plaintiff on February 22, 1967. On March 20, 1967, plaintiff filed this suit in the Twenty-Fourth Judicial District Court against the parish council and the sheriff of that parish to enjoin said defendants from interfering with plaintiff in the sale of alcoholic beverages without a permit and to have each defendant mandatorily enjoined to issue to plaintiff a permit for the year 1967. A rule nisi was issued ordering each defendant to show cause on March 28, 1967, why a preliminary injunction should not issue accordingly. The return day of the rule was extended from time to time, some extensions having been granted on the request of defendants and some on the request of plaintiff. In the meantime defendants filed exceptions of no right and of no cause of action and an answer. On October 19, 1967, the trial court rendered judgment maintaining the exceptions and dismissing plaintiff's suit. The matter is now before this court on plaintiff's devolutive appeal from that judgment.
The exceptions filed by the parish council, which were maintained by the district court, were levelled at the failure of the plaintiff-appellant to lodge his appeal from the denial of his application for a permit in the district court within 10 days after plaintiff received notice on February 22, 1967, of that denial. The provisions of LSA-R.S. 26:104 require that an appeal to the district court must be taken in 10 days from such notice. The reason given by the parish council for its refusal to grant the permit was that plaintiff was not a person of good character and reputation.
Counsel for plaintiff-appellant contends that this proceeding is not in the nature of an appeal but that it is a direct action to attack the withholding of the permit as illegal because the parish council determined and acted ex parte on its finding that he was not a person of good character and reputation. Counsel contends that this failure to give plaintiff an opportunity to be heard deprived him of property rights without due process of law, contrary to the provisions of the constitutions of Louisiana and of the United States. Plaintiff's petition does not pray that the judgment of the district court be reversed, but it prays that the defendants be either enjoined from interfering with plaintiff's sales without a permit or that the appropriate defendant be mandatorily enjoined to issue a permit to him for 1967. Plaintiff complains that he was not given a hearing, but he does not now ask for one. Mandamus is not the appropriate remedy for the reason that the issuance of a permit is not strictly a ministerial duty of the local authority.
The property right referred to by plaintiff is explained by plaintiff's counsel to be the right to continue the operation of his business, which right it is claimed he acquired by permits issued for previous years at the same location. He contends that by *222 virtue of previous permits a refusal to renew the 1966 permit for the succeeding year of 1967 without a hearing is depriving him of property without due process of law. There is no merit to that argument under the facts of this case and the pertinent provisions of law.
The law regulating this subject is found in LSA-R.S. title 26.
The very first sentence of section 71 on the subject of "Permits," provides that before engaging in the business of dealing in alcoholic beverages all persons shall obtain "* * * annually, dating from January 1st of each year, a permit to conduct each separate business * * *." At section 75 it is provided that: "Permits issued under this Chapter * * * are good only from the time of issuance to December 31st of that year in which issued * * *." There is a general provision of law by which the holder of a permit can keep his right alive to continue to do business after December 31st of the year in which he held a permit, and that is section 86, the pertinent part of which says:
"Persons holding permits under this Chapter, whether state or local, shall file application for renewal thereof for the ensuing year and pay the permit fees on or before November 1st of each year. * * * If the dealer fails to make his application before December 31st, the board may, without notice or hearing, suspend his right to do business.
"Any dealer whose application for renewal is filed before December 31st may continue business until issuance of the new permit, under the previous year's permit if it has not been suspended or revoked or the new permit withheld or denied.
"Renewal permits may be withheld or denied on the same grounds and in the same manner as an original permit."
In that language the classification "dealer" would include a "liquor retailer." Section 2. Plaintiff did not do any of the things required of him by section 86.
Then there is section 103 which says that: "Decisions * * * of local authorities in withholding permits are final and binding on all parties unless appealed in the manner provided in R.S. 26:104 and finally reversed by the courts."
We have made this resume of the law to determine whether or not plaintiff is in a position to invoke the due process doctrine of the Louisiana and United States constitutions because of any illegal proceedings of the parish council in the light of the law, the facts, and plaintiff's petition and contentions. If there were any irregularities in the proceedings on the part of the parish council which would amount to failure of due process, it would be our conclusion that plaintiff could proceed by this direct action to set aside an invalid decree of the parish council in denying his application and that plaintiff would not be limited or restricted to a devolutive appeal from that denial within 10 days of the receipt of notice. It is fundamental that the delay fixed by law for an appeal by an aggrieved party to a suit is to enable that party to have the judgment complained of reviewed by an appellate court on the facts and the law pertaining to the matters at issue in that suit; but, if there has been a failure of due process resulting in a judgment against a party to the suit, the expiration of the delays for an appeal does not work to deprive that party of the right to a direct action to have the legality of the judgment determined as a matter of law at any time. In this case if there were any statutory provision which would grant to plaintiff the right to be heard at a hearing to be held by the parish council before denying his application for a permit, then the plaintiff would not be restricted to an appeal within 10 days from the receipt by him of notice that his permit will not be issued. We interpret this suit to be in the nature of a direct attack (as distinguished from an appeal or collateral attack) upon *223 the ruling of the parish council denying his application for a 1967 permit.
The law does not require a contradictory hearing by the local authority to determine the qualifications of an applicant for a permit. Section 78 provides that upon receipt of the application the "* * * local authorities may issue permits immediately after proper investigation * * *." The parish council in this case determined that the plaintiff did not meet the very first qualification listed in section 79. We must assume that the parish council made that determination from facts within the personal knowledge of its members, or after such investigation as it deemed appropriate and necessary. Plaintiff had no permit on January 1, 1967, and no right to operate a business for the sale of alcoholic beverages at the time of plaintiff's application on January 6, 1967.
While we prefer, for obvious reasons, to decide the case on the merits of the issues, there is no doubt that it would have been proper also to dispose of this suit as an appeal by holding that any question with respect to the right of plaintiff to a liquor permit for 1967 has become moot because the year 1967 has passed. There are a number of decisions on this phase of the subject, a few of which are as follows: DiGiovanni v. Parish of Jefferson, La.App., 151 So.2d 528; Spinato v. Lowe, 239 La. 604, 119 So.2d 480; Pellegrin v. City of Gretna, 222 La. 527, 62 So.2d 824; Fajoni v. Town of Amite City, La.App., 17 So.2d 52.
Therefore, the plaintiff was limited to 10 days from February 22, 1967, in which to lodge his appeal in the district court from the refusal of the parish council to issue the permit for 1967. He did not do so and the judgment of the trial court maintaining the exceptions was correct and is affirmed with costs to be paid by plaintiff.
Affirmed.