LEMMON, Judge.
On our own motion, we have raised the issue of the timeliness of this appeal by de *715 fendants from a judgment ordering the Jefferson Parish Council to issue plaintiff an alcoholic beverage permit for the year 1972.
The following dates are pertinent:
July 15, 1972 Judgment read, rendered and signed
July 25, 1972 Notice of Judgment mailed to all counsel
August 16,1972 Motion for appeal filed
R.S. 26:104 provides as follows:
“Any party aggrieved by a decision * * * of the local authorities to withhold a permit may, within ten days of the notification of the decision, take a de-volutive appeal to the district court having jurisdiction of the applicant’s or per-mittee’s place of business, proposed or actual as the case may be. * * *
“Within ten calendar days of the signing of the judgment by the district court in any such appeal case, the board or the applicant for a permit or permittee, as the case may be, may devolutively appeal the judgment to the appellate court of proper jurisdiction.[1] These appeals shall be perfected in the manner provided for in civil cases and shall be devolutive only. If the district court determines that the decision of the board or of the local authorities in withholding, suspending, or revoking the permit was in error, the decision of the board or local authorities shall not be voided if the board or local authorities take an appeal to the Court of Appeals in the time provided for sus-pensive appeals.”
The statute is somewhat confusing as to the time within which the local authorities may appeal from a judgment of the district court. However, whether the applicable appeal period is ten calendar days from the signing of the judgment or the period provided for suspensive appeals, defendants’ appeal was untimely. The judgment of the district court is now final and definitive. C.C.P. art. 1842; C.C. art. 3556 (31).
The appeal is dismissed.
Appeal dismissed.

. While the petition filed in the district court was styled in terms of an injunction proceeding rather than an appeal, the substance of the demand constituted an appeal from the action of the Parish Council, and the delay provided by R.S. 26:104 is applicable. Barlotta v. Jefferson Parish Council, 212 So.2d 220 (La.App. 4th Cir. 1968).