PARRO, J.
 

 IsA local governmental authority appeals the judgment of a district court that reversed its decision and ordered that it issue Class B beer and liquor permits to the petitioner/applicant. For the following reasons, the judgment is set aside, and the matter is remanded to the district court.
 

 Factual Background and Procedural History
 

 Ali Fini (Fini) owned a convenience store known as LA Tiger Express (Tiger Express) located at 300 Lee Drive in Baton Rouge. On March 28, 2008, Fini filed a notice-of-intent application
 
 [1]
 
 with the Office of Alcoholic Beverage Control (ABC) for the City of Baton Rouge and Parish of East Baton Rouge to obtain Class B beer and liquor permits, which are required to sell alcoholic beverages from the store. A sign was posted at the store by an ABC representative.
 
 [2]
 
 No complaint or opposition was filed by the public with ABC.
 

 On June 26, 2008, a hearing was conducted by the ABC Board for the City of Baton Rouge and Parish of East Baton Rouge (Board) on Fini’s notice-of-intent application. The Board voted unanimously to deny the application. Fini d/b/a Tiger Express then filed a “Petition for Judicial Review and/or Devolutive Appeal of Administrative Decision” with the district court,
 
 [3]
 
 seeking reversal of the Board’s final decision
 
 [4]
 
 and a judgment ordering the Board to issue beer and liquor permits.
 

 Following a hearing on December 15, 2008, the district court reversed the Board’s decision and ordered the Board to issue the Class B beer and liquor permits, for which Fini had applied, upon payment of the required fees. From|sthe February 6, 2009 judgment so ordering, the Board suspensively appealed,
 
 [5]
 
 contending that the district court erred in failing to hold a trial de novo on Fini’s petition for judicial review, in finding that the Board acted arbitrarily and capriciously in denying Fini’s notice-of-intent application, and in reversing the decision of the Board.
 

 Subsequently, Fini filed in this court a motion to remand to the district court for an evidentiary hearing on the issue of whether the Board, by its post-February 6, 2009 actions, had acquiesced in the district court judgment. Attached to his motion were affidavits by Fini and his attorney,
 
 *303
 
 together with two letters. In his motion, Fini alleges that no party will be prejudiced by a remand because no request was made to suspend the briefing schedule and that the prosecution of the appeal would not be delayed. This motion was opposed by the Board.
 

 Discussion
 

 In Fini’s petition for judicial review, he alleged that the Board’s decision was arbitrary, capricious, and unlawful in that he satisfied all of the qualifications and requirements set forth in the local “Wine, Beer, and Liquor Ordinance” (ordinance) as to the alcoholic beverage permits for which he applied, that his notice-of-intent application did not generate a complaint or opposition by any member of the public, and that no evidence of grounds for a denial were presented at the hearing before the Board.
 

 Concerning the appeal of a decision of the Board to the district court, LSA-R.S. 26:106(A), in pertinent part, provides:
 

 Any party aggrieved by a decision ... of the local authorities to withhold a permit may, within ten days of the notification of the decision, take a devolutive appeal to the district court having jurisdiction of the applicant’s or permittee’s place of business, proposed or actual as the case may be. Such appeals shall be filed in the district courts in the same manner as original suits are instituted therein. The appeals shall be tried de novo. |4Either party may amend and supplement his pleadings and additional witnesses may be called and heard....
 

 At the district court hearing on Fini’s petition, counsel for Fini noted:
 

 [Bjefore we get started I believe [counsel for the Board] wants to introduce some records. Rather than continue the hearing I want you to admit them over my objection because I don’t think you can take any further evidence on this matter. It’s not a de novo decision where you can present new evidence, but I want you to take it and then I’ll make some argument on what was actually introduced in case you want to receive it and review it.
 

 Subsequently, the Board introduced its hearing disposition sheets related to two violations by Fini of Section 9 of the ordinance. On July 8, 2005, and January 12, 2006, Fini had been charged with violating regulations that prohibit the sale of alcohol to persons under the age of 21. In connection with a July 8, 2005 violation of Section 9.B of the ordinance, Fini had admitted to the "violation, and the Board had voted on August 11th to suspend his alcohol license for a period of 30 days. A $250 fine was also imposed. A letter dated January 12, 2006, produced by the Board, had charged “Alfi Inc. d/b/a LA Tiger Express, 800 Lee Drive” with violating Section 9.C.1 and C.2 of the ordinance. The pertinent hearing disposition sheet reflects that at a hearing on the January 12, 2006 violations, Fini had admitted that the violations occurred, and the Board had voted on February 23rd to revoke the alcohol license that had been issued to Tiger Express. A $750 fine was imposed against Tiger Express, and a $250 fine was imposed against Fini.
 

 In connection with his argument to the district court in support of his petition for judicial review, Fini offered a recording of the hearing before the Board and a petition circulated to patrons of the store directed to the Board requesting that Tiger Express be allowed to sell alcoholic beverages. This petition contained a seven-page list of patrons’ names, addresses, and phone numbers. In his argument, counsel for Fini referenced a settlement of the 2006 matter that resulted in Fini not selling liquor for two years. He also noted that no evidence had been presented in opposition to his reapplication for a Class
 
 *304
 
 B |sbeer and liquor license at the hearing before the Board. Accordingly, he urged that there was no evidence before the Board on which to base its decision to deny the application, even though he acknowledged that, while discussing Fini’s application, one of the Board members commented that every kid in town knows that they can buy alcohol at Fini’s store even if they are under age.
 

 With respect to local retail liquor permits, municipal authorities and parish governing authorities may withhold the issuance of permits in the manner and under the terms and conditions specified in “The Alcoholic Beverage Control Law” (ABC Law).
 
 [6]
 

 See
 
 LSA-R.S. 26:86. The procedure for the determination to issue or withhold a permit is set forth in LSA-R.S. 26:87(A), which, in pertinent part, provides:
 

 The right to determine what persons shall or shall not be licensed under this Chapter shall be exercised in the following manner:
 

 (1) Municipal authorities and parish governing authorities shall, independently of the commissioner, investigate all applications filed with them for local permits, and shall withhold the issuance of a permit where that action is justified under the provisions of this Chapter. The decision to withhold a local permit shall be made within thirty-five calendar days of the filing of the application. Within that period, the withholding authority shall notify the commissioner in writing that it is withholding the permit and give the reason therefor. Upon receipt of this notice, supported by reasons enumerated in or authorized by this Chapter, the commissioner shall withhold issuance of the applicant’s state permit. Within five calendar days after the receipt of the notice from the local authorities, the commissioner shall notify the applicant in writing of the action and shall assign the reasons therefor. Such notice shall be either delivered to the applicant in person or sent to him by registered mail at the business address given in his last application. When so addressed and mailed, it shall be conclusively presumed to have been received by the applicant.
 

 The ABC Law does not require a contradictory hearing by the local governing authority to determine the qualifications of an applicant for a permit.
 
 [7]
 

 See Barlotta v. Jefferson Parish Council,
 
 212 So.2d 220, 223 (La.App. 4th Cir.1968). Furthermore, we observe that no permit shall be withheld except for causes specified in the ABC Law.
 
 See
 
 LSA-R.S. 26:94.
 

 An applicant who has been denied a permit may appeal a governing authority’s decision by utilizing the specific procedure provided by law.
 
 See
 
 LSA-R.S. 26:106(A). If such a procedure is utilized, the appeal “shall be tried de novo” by the district court.
 
 Id.
 
 (Emphasis added).
 

 At the district court hearing, counsel for Fini urged that the district court’s review of this matter was limited to the existing record. An “appeal de novo” or “de novo review” is “[a]n appeal in which the appellate court uses the trial court’s record but reviews the evidence and law without deference to the trial court’s rulings.”
 
 Black’s Law Dictionary,
 
 94 (7th ed.1999). Clearly, LSA-R.S. 26:106(A) envisions more than merely a “de novo review” by the district court. Based on the statutory language, the parties are entitled to have the appeal “tried de novo” before the district court; a “trial de novo” is “[a] new trial on the entire case — that is, on both
 
 *305
 
 questions of fact and issues of law — conducted as if there had been no trial in the first instance.”
 
 Black’s Law Dictionary
 
 at 1512.
 

 In ruling on Fini’s petition for judicial review without affording the parties a trial de novo, we find that the district court misconstrued its role in the appellate process. Based on LSA-R.S. 26:106(A), the appeal is subject to a trial de novo, and such an appeal was to be filed in the district court “in the same manner as original suits are instituted therein.” In light of the district court’s failure to afford the parties this opportunity, it did not consider the evidence submitted by the parties, nor did the district court allow for the introduction of any other evidence that may have been necessary for it to properly review the final decision of the Board.
 

 ^Decree
 

 For the foregoing reasons, the judgment of the district court is set aside, and this matter is remanded to the district court for a trial de novo on Fini’s devolutive appeal of the Board’s decision.
 
 [8]
 
 Costs of this appeal in the total amount of $490.50 are assessed one half to Ali Fini and one half to Alcoholic Beverage Control Board for the City of Baton Rouge and Parish of East Baton Rouge.
 
 [9]
 

 SET ASIDE AND REMANDED.
 

 [1]
 

 .
 
 See
 
 LSA-R.S. 26:77.
 

 [2]
 

 . It is undisputed that the sign posted by ABC remained on the premises in excess of the 15-day period required under the pertinent ordinance.
 

 [3]
 

 .Notably, LSA-R.S. 26:106(A) only authorizes a devolutive appeal to the district court.
 

 [4]
 

 .
 
 See
 
 LSA-R.S. 26:105.
 

 [5]
 

 . Notably, LSA-R.S. 26:106(B) only authorizes a devolutive appeal to the appellate court of proper jurisdiction.
 

 [6]
 

 .
 
 See
 
 LSA-R.S. 26:1.
 

 [7]
 

 .
 
 See
 
 LSA-R.S. 26:80.
 

 [8]
 

 . Accordingly, Fini's motion for remand is moot and is hereby denied. Nonetheless, we again observe that only a devolutive appeal to the appellate court is authorized by LSA-R.S. 26:106(B).
 

 [9]
 

 . The Alcoholic Beverage Control Board’s proportionate share of the costs of this appeal is $245.25.