JAMES F. McKAY III, CHIEF JUDGE
11 Plaintiff, Gulf Coast Housing & Development Corporation (“Gulf Coast”), appeals the trial court judgment granting an exception of no cause of action in favor of defendants, Capital One, National Association (“Capital One”), Tiffany Lucas and Chazmin Martin, dismissing some of plaintiffs claims. For the reasons that follow, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
Gulf Coast, through its board president, Eric Cager, opened a business checking account at Capital One. The account required two signatures. Mr. Cager claims that he gave the bank employees who assisted him in setting up the account, Ms. Lucas and Ms. Martin, repeated oral instructions that no debit card was to be issued on the account under any circumstances. Later that day, Glen Metz (a board member of Gulf Coast) came into the same Capital One branch, along with Gregory Swafford (an attorney/consultant for Gulf Coast), and obtained a debit card on the account. Thereafter, over $15,000.00 was withdrawn on the debit card, allegedly by Mr. Metz and/or Mr. Swafford. Also, a check issued to Mr. Swafford] ⅞ in the amount of $6,000.00, allegedly containing the forged signature of Mr. Cager, was cashed at the bank.
Gulf Coast filed suit against Capital One and individually named Ms. Lucas and Ms. Martin as defendants. The petition alleges negligence, breach of fiduciary duty, violations of the Louisiana Unfair Trade Practices Act (“LUTPA”), and punitive damages.
Before filing an answer to the petition, Capital One, Ms. Lucas, and Ms. Martin filed an exception of no cause of action.[1] The trial court granted the exception as it related to: 1). breach of fiduciary duty; 2). LUTPA claims; and 3). punitive damages. (The claim for punitive damages has since been dropped). The judgment specifically sustained the exception as to Ms. Lucas and Ms. Martin, and granted Gulf Coast forty-five (45) days to amend its petition in order to state a cause of action against the two employees. No amendment was filed. Finally, the judgment provides that all of Gulf Coast’s remaining claims against Capital One are maintained.[2] Gulf Coast’s timely appeal followed.
*369 LAW AND ANAYLSIS
MOTION TO STRIKE
As a preliminary matter, we must address Capital One’s motion to strike certain portions of Gulf Coast’s appeal brief, which was referred to the merits. Capital One asserts that Gulf Coast’s brief improperly contains: 1). Exhibits 1, 2, |sand 3, which were not introduced at trial and Exhibit 5 (Capital One’s memorandum in support of the exception), which contains handwritten notes in the margins that were not a part of the trial court record; 2). Impertinent and baseless accusations toward Capital One; and 3). Reference to confidential settlement negotiations.
Pursuant to La. C.C.P. art. 2164, an appellate court must render a decision upon the record on appeal. Regarding Exhibits 1, 2 and 3, which are attached to Gulf Coast’s appeal brief but not introduced at trial, as well as the handwritten notes made on Exhibit 5, we find that Capital One’s motion to strike has merit. Appellate briefs are not a part of the record on appeal, and this Court has no authority to consider facts referred to' in appellate briefs, or in exhibits attached thereto, if those facts are not in the record on appeal. Board of Directors of the Industrial Development Board of the City of New Orleans v. All Taxpayers, Property Owners, Citizens of the City of New Orleans, 03-0827, p. 4 (La.App. 4 Cir. 5/29/03), 848 So.2d 733, 737. Regarding the alleged impertinent statements and the reference to settlement negotiations, we give them no consideration as these contentions are not part of the record. For the reasons outlined herein, we grant the motion to strike portions of Gulf Coast’s appeal brief referencing facts and comments that are not contained in the record.
EXCEPTION OF NO CAUSE OF ACTION
As the Supreme Court explained in Jackson v. City of New Orleans, 12-2742, p. 24 (La. 1/28/14), 144 So.3d 876, 895:
UThe peremptory exception of no causé of action is designed to test the legal sufficiency of a petition by determining whether a party is afforded a remedy in law based on the facts alleged in the pleading. All well-pleaded allegations of fact are accepted as true and correct, and all doubts are resolved in favor of sufficiency of the petition so as to afford litigants their day in court. The burden of demonstrating that a petition fails to state a cause of action is upon the mover. The sufficiency of a petition subject to an exception of no cause of action is a question of law, and a de novo standard is applied to the review of legal questions; this court renders a judgment based on the record without deference to the legal conclusions of the lower courts. See Foti v. Holliday, 2009-0093 (La. 10/30/09), 27 So.3d 813, 817.

1). Regarding the breach of fiduciary duty claim

Capital One asserted in its - exception, and the trial court agreed, that Gulf Coast has no cause of action against Capital One and the two employees for breach of fiduciary duty. We find no error in that ruling.
Gulf Coast’s relationship with Capital One was that of a depositor. Although Capital One, as a bank, owes certain legal duties to its depositors (which cause of action the trial court specifically maintained), the law is clear that for a fiduciary duty relationship to exist between a bank and its customer, there must be a written agency or trust agreement. See La. R.S. 6:1124, which provides: •
*370 No financial institution or officer or employee thereof shall be deemed or implied to be acting as a fiduciary, or have a fiduciary obligation or responsibility to its customers or to third parties other than shareholders of the institution, unless there is a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a fiduciary. The fiduciary responsibility and liability of a financial institution or any officer or employee thereof shall be limited solely to performance under such a contract and shall not extend beyond the. scope thereof. Any claim for breach of a fiduciary responsibility of a financial institution or any officer or employee thereof may only be asserted within one year of the first occurrence thereof. This Section is not limited to credit agreements and shall apply to all types of relationships to which a financial institution may be a party.
The legislative history of La. R.S. 6:1124 states:
.. ,__y;T]he bill concretely states that there is no fiduciary relationship between a bank and its customer just because the customer has an account at the bank or another relationship with the bank. An agreement would be required in order to establish a fiduciary relationship between a financial institution and a customer. This would not eliminate the obligation of good faith and fair dealing under the Civil Code
[[Image here]]
.,. [T]his bill simply clarifies that a bank has no implied fiduciary duty to its customers absent a specific trust or written agreement. This bill would say that there is no trust relationship or a fiduciary relationship with your customer unless there is a trust agreement to that respect.
Minutes, House Commerce Committee, 1991 Reg. Sess., May 15, 1991, at 12-13; Minutes, June 6, 1991, at 3; See also BizCapital Business & Industrial Development Corp. v. Union Planters Corp., 03-2208, p. 5 (La.App. 4 Cir. 9/8/04), 884 So.2d 623, 626.
In BizCapital, this Court recognized that pursuant to La. R.S. 6:1124, there are no implied fiduciary obligations on the part of a financial institution unless there is a written agreement under which the institution specifically agrees to act as a fiduciary. The Court further acknowledged that a bank nevertheless retains a duty of good faith and fair dealing to their customers. Specifically, the Court in BizCapital noted that in drafting La. R.S. 6:1124, the “legislature did not intend to totally immunize banks from all legal duties in their relationship with customers and third parties.” Id., p. 5, 884 So.2d at 627.
Applying these precepts in the present case, it is evident that there is no writing that would establish a fiduciary relationship between Gulf Coast and Capital One. Thus, the trial court correctly sustained the exception of no cause of action as to Gulf Coast’s claim for breach of fiduciary duty, while maintaining Gulf Coast’s remaining claims against Capital One for the breach of other duties potentially owed by Capital One. The judgment clearly provides that not all claims |fiagainst Capital One were dismissed. Thus, Gulf Coast’s case against Capital One may proceed on the remaining claims.

2). Regarding the LUTPA claim:

Capital One, in its exception of no cause of action, argued that as a national bank, it is exempt from LUTPA claims. The trial court accepted this argument and dismissed Gulf Coast’s LUTPA claims. On appeal, Gulf Coast argues that the trial *371 court erred in dismissing the LUTPA claims; however, we find no error.
LUTPA, codified in La. R.S. 51:1401 et seq., declares any “[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce” to be unlawful. La. R.S. 51:1405(A). Section 1409(A) grants a private right of action to “[a]ny person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal” as a result of a violation of LUTPA to recover actual damages and, if such damages are awarded, reasonable attorney’s fees. Acts which constitute a violation of LUTPA are not specifically defined in the statute and are instead determined by courts on a case-by-case basis. Quality Environmental Processes, Inc. v. I.P. Petroleum Co., Inc., 13-1582, p. 21 (La. 5/7/14), 144 So.3d 1011, 1025.
On June 2, 2006, the Louisiana Legislature amended Section 1406 of LUTPA to exempt “[a]ny federally insured financial institution” and “any licensee of the Office of Financial Institutions.” 2006 La. Acts, No. 171 § 1, eff. August 15, 2006. As amended, La. R.S. 51:1406 provides in-pertinent part:
§ 1406. Exemptions
The provisions of this Chapter shall not apply to:
|7(1) Any federally insured financial institution, its subsidiaries, and affiliates or any licensee of the Office of Financial Institutions, its subsidiaries, and affiliates or actions or transactions subject to the jurisdiction of the Louisiana Public Service Commission or other public utility regulatory body, the commissioner of financial institutions, the insurance commissioner, the financial institutions and insurance regulators of other states, or federal banking regulators who possess authority to regulate unfair or deceptive trade practices.
In Truong v. Bank of America, N.A., 717 F.3d 377, 385-386 (5th Cir.2013), the Fifth Circuit examined the . amendment, stating that “[t]he 2006 LUTPA amendment obviously "broadens the exemption’s application” in that it “precludes LUTPA liability for various entities, including ‘[a]ny federally insured financial institution’ ” which is now fully “exempt from LUTPA claims- under Lai. Rev.Stat. Ann. § 51:1406.” (internal citations omitted).
Gulf Coast has failed to counter Capital One’s argument with any applicable law. The cases cited by Gulf Coast in support of the argument that Capital One is not exempt from LUTPA, all predate the 2006 amendment.
In light of the clear pronouncement of the 2006 amendment to La. R.S. 51:1406, Capital One is exempt from any LUTPA claims brought by Gulf Coast. Accordingly, we find no error in the trial court’s dismissal of those claims.

3). Regarding the claim against Ms. Lucas and Ms. Martin:

, Gulf Coast avers that the trial court erred in dismissing Ms, Lucas and Ms. Martin, and in failing to allow Gulf Coast an opportunity to conduct discovery to determine whether these employees were acting within the course and scope of their employment with Capital One. We find no merit in this assertion. •
| a At the outset, we note that the trial court provided Gulf Coast with an opportunity to amend its petition to state a cause of action against Ms. Lucas and Ms. Martin. The petition was not amended.
The petition alleges that Mr. Cager met with Ms. Lucas and Ms. Martin in the process of opening the cheeking account. It alleges that Ms. Lucas and Ms. Martin failed .to follow Mr. Cager’s instructions *372 that a debit card should not be issued on the account, and as a result, money was wrongfully withdrawn from the account.
Our review of the petition demonstrates that Gulf Coast does not allege that Ms. Lucas or Ms. Martin acted in anyway outside of their employment with Capital One. Moreover, there are no allegations of fraud or intentional wrong doing on the part of the two employees.
Generally, “Louisiana law does not provide third parties with a cause of action against directors and officers for negligence, mismanagement, breach of fiduciary duty, or for the debts of the employer.” Manning v. United Med. Corp. of New Orleans, 04-0035, p. 6 (La.App. 4 Cir. 4/20/05), 902 So.2d 406, 410 (citing Korson v. Independence Mall I, Ltd., 595 So.2d 1174, 1178 (La.App. 5th Cir.1992)); See also Cameron Equip. Co. v Stewart & Stevenson Servs., 96-0554, p. 6 (La. App. 3 Cir. 12/26/96), 685 So.2d 696, 700.
We note that Gulf Coast concedes this legal principle in its brief to this Court. They argue, however, that additional discovery is needed in order to develop a case against Ms. Lucas and Ms. Martin.
| flAs previously stated, the petition fails to set forth any facts that would establish personal liability on the part of Ms. Martin and Ms. Lucas. Moreover, considering the fact that Gulf Coast failed to amend the petition after being provided that opportunity by the trial court, we find no error in the trial court’s dismissal of the action against Ms. Lucas and Ms. Martin.
DECREE
For the foregoing reasons, we find no error in the trial court’s granting of the exception of no cause of action in favor of Capital One, Ms. Lucas, and Ms. Martin. Accordingly, we affirm.
AFFIRMED

. The defendants later answered the petition and filed a third party action against Mr. Metz and Mr. Swafford.

. While the claims for breach of fiduciary duty were dismissed, Gulf Coast’s generalized claims for breach of duty and negligence against the bank are still viable.