JUDGE SANDRA CABRINA JENKINS • • :
11 Cozzy Spot, L.L.C. (“Cozzy Spot”) appeals the trial court’s December 14, 2015 judgment affirming the decision by the New Orleans Alcohol Beverage Control Board (“the ABC Board”) to revoke Cozzy Spot’s alcohol permits. Finding that the district court erred in affirming the ABC Board’s decision, ‘we reverse and vacate the revocation of Cozzy Spot’s alcohol permits, and remand to the district court for a trial de novo on Cozzy Spot’s appeal of the ABC Board’s decision.
PROCEDURAL AND FACTUAL BACKGROUND
Up until September 2015, Cozzy Spot operated a bar at 326 North Miro Street in New Orleans, Louisiana. On July 25, 2014, the City of New Orleans (the “City”) filed suit against Cozzy Spot alleging violations of New Orleans City Code Section 10, which governs city permits for the sale of *226 alcoholic beverages. The City sought suspension or revocation of Cozzy Spots’ alcohol permits, and sanctions. A hearing was scheduled before the ABC Board on August 19, 2014. On September 16, 2014, the City and Cozzy Spot settled the lawsuit by entering into a consent judgment.
2In October 2014, the City filed a second lawsuit against Cozzy Spot alleging violations of the consent judgment and City Code Section 10. A hearing was held on November 18, 2014, after which the ABC Board denied the City’s requested relief.
In June 2015, the City filed a third suit against Cozzy Spot, again alleging violations of the consent judgment and City Code Section 10. A hearing was held before the ABC Board on August 7, 2015, at which multiple witnesses testified and physical evidence was presented. Following the hearing, the ABC Board revoked Cozzy Spot’s alcohol permits.
In September 2015, Cozzy Spot filed a petition in the district court seeking review of the ABC Board’s decision. On December 9, 2015, a hearing was held on Cozzy Spot’s petition. On December 14, 2015, the district court signed a Judgment With Incorporated Reasons affirming the ABC Board’s decision to revoke Cozzy Spot’s alcohol permits. The district court found that the ABC Board was not arbitrary in its decision to revoke Cozzy Spot’s alcohol permits based on breaches of the consent judgment and additional “nuisance behavior.” Cozzy Spot timely appealed.
DISCUSSION
Standard of Review
On appeal of the district court’s judgment, this court reviews the district court’s findings of fact under the manifest error or clearly wrong standard of review. Williams v. Parish of St. Bernard, 15-1105, p. 4 (La.App. 4 Cir. 12/2/16), 206 So.3d 259, 266, 2016 WL 7031015, *8. On questions of law, however, the appellate court gives no special weight to the district court’s findings. Id., 15-1105, p. 5, 206 So.3d at 266, 2016 WL 7031015 at *8. “Appellate review of questions of law is simply a | ¡¡determination of whether the trial court was legally correct or legally incorrect in its application of the law.” Id. “ ‘A legal error occurs when a trial court applies the incorrect principles of law and such errors are prejudicial.’ ” Id.
Trial De Novo Under La. R.S. 33:4788
Under La. R.S. 33:4788, “[t]he holder of an alcohol permit who is aggrieved by a decision of the governing body of the municipality or parish or municipal alcoholic beverage control board to suspend or revoke the permit is entitled to appeal the suspension or revocation to the district court.” Williams, 15-1105, p. 4, 206 So.3d at 266, 2016 WL 7031015 at *8. An appeal to the district court of a decision to revoke an alcohol permit “shall” be tried de novo. La. R.S. 33:4788.
Where a statute provides for a trial de novo, as in La. R.S. 33:4788, the reviewing court acts as the court or agency of original jurisdiction and the whole case is open for a decision. Williams, 15-1105, p. 4, 206 So.3d at 266, 2016 WL 7031015 at *8. In other words, a trial de novo of an administrative decision is a new trial on the entire case, on both questions of fact and issues of law, conducted as if there had been no trial in the first instance. Id. Thus, the district court can make its own factual determinations, exercise its own discretion, and substitute its own judgment for that of the governing, decision-making body. Id. The district court’s findings and determinations, however, must be based on “competent evidence.” Id., 15-1105, p. 6, 206 So.3d at 268, 2016 WL 7031015 at *12.
*227 After a review of the district court record, we find that the trial court did not conduct a trial de novo, as required by La. R.S. 33:4788. The trial court’s December 14, 2015 judgment states that “[b]y stipulation of the parties, the matter was submitted on the record below, memoran-da, and argument of counsel.” Although the parties filed into the district court record the exhibits presented at the |4ABC Board hearing, there is nothing in the record to establish that the exhibits were ever formally introduced and admitted by the trial court. The record does not contain a transcript of the December 9, 2015 hearing on Cozzy Spot’s petition for review of the ABC Board’s decision. Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Denoux v. Vessel Mgmt. Servs., Inc., 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88. Thus, none of the evidence necessary for the trial court to review the ABC Board’s decision was properly before the trial court. Nor is it properly before this court, as appellate courts may not consider documents not introduced in the trial court. 2400 Canal, LLC v. Bd. of Supervisors of Louisiana State Univ., 12-0220, p. 12 (La.App. 4 Cir. 11/7/12), 105 So.3d 819, 827. In short, we find that there simply is no competent evidence in the record for us to review.
The City argues in its appellate brief that “[t]he parties stipulated to the admissibility of the record below.” There is, however, no such stipulation in the record. Appellate briefs are not a part of the record on appeal, and this court has no authority to consider facts referred to in appellate briefs if those facts are not in the record on appeal. Gulf Coast Housing & Dev. Corp. v. Capital One, 16-0296, p. 3 (La.App. 4 Cir. 10/5/16), 203 So.3d 366, 369. We, therefore, find that the trial court erred in rendering a judgment on the basis of a purported stipulation that was not made part of the record. See Franklin v. City of Baton Rouge, 525 So.2d 674, 675 (La. App. 1st Cir. 1988) (trial court should not have ruled on matter where judgment stated that it was based on stipulations of fact which were not included in record); In re Succession of Morgan, 15-0335 (La. App. 1 Cir. 2/24/16), 2016 WL 770192, *3-4 (same).
| Jn sum, the “facts” supporting the trial court’s December 14, 2015 judgment appear only in the form of arguments of counsel and the court’s reasons for judgment, not in the form of renewable evidence. Without competent evidence, the record is inadequate for meaningful appellate review of the trial court’s judgment affirming the ABC Board’s decision.
La. Code Civ. P. art. 2164 provides that an “appellate court shall render any judgment which is just, legal and proper upon the record on appeal.” It is well-settled that an appellate court is empowered under Article 2164 to “remand a case to the district court for the taking of additional evidence where it is necessary to reach a just decision and to prevent a miscarriage of justice.” Alex v. Rayne Concrete Serv., 05-1457, p. 23 (La. 1/26/07), 951 So.2d 138, 155. “Although a court should always remand a case whenever the nature and extent of the proceedings dictate such a course, whether or not any particular case should be remanded is a matter which is vested largely within the court’s discretion and depends upon the circumstances of the case.” Id.
In the interest of justice, therefore, we remand this matter to the district court for a trial de novo on Cozzy Spot’s appeal of the ABC Board’s decision. See Fini v. Alcoholic Beverage Control Bd., 09-0854, *228 p. 4 (La.App. 1 Cir. 2/10/10), 35 So.3d 301, 305.
VACATED AND REMANDED