HOLDRIDGE, J.
Randall D. Smith appeals the trial court's judgment that affirmed the suspension of his driver's license and required him to have an interlock ignition device placed in his vehicle as a condition of reinstatement of his driving privileges. For the reasons that follow, the judgment of the trial court is vacated and remanded for further proceedings.
DISCUSSION
In June 2010, Randall Smith was arrested and charged with driving while intoxicated (DWI). On July 25, 2014, Mr. Smith was arrested a second time for DWI at the Jack In The Box restaurant in Walker, Louisiana. Mr. Smith submitted to a chemical test for intoxication resulting in a B.A.C. of 0.158g%. Thereafter, the Department of Public Safety, Office of Motor Vehicles (OMV) suspended Mr. Smith's license for three hundred and sixty-five days pursuant to La. R.S. 32:667. Subsequently, Mr. Smith requested, and was granted, an administrative hearing to contest his license suspension. The Administrative Law Judge affirmed the suspension *502 on October 31, 2014. On December 3, 2014, Mr. Smith fax-filed a Petition for Judicial Review in the Twenty-First Judicial District Court (21st JDC) to challenge the suspension. On December 9, 2014, a temporary stay order was issued preventing enforcement of the suspension until the hearing.
The 21st JDC signed a judgment on December 8, 2016, stating that "through stipulations of facts and written arguments as agreed upon by counsel, on Petitioner's Petition for Judicial Review ... in accordance with the provisions of La. R.S. 32:667et al ... Mr. Smith is required to have an interlock ignition device placed in his vehicle as a condition of the reinstatement of his driving privileges for a period of three hundred sixty-five (365) days." From that judgment, Mr. Smith appeals. On April 28, 2017, Mr. Smith filed a "Motion and Order To Supplement the Record of Appeal" stating that prior to the 21 JDC's decision, the parties "agreed and signed a stipulation of facts, as well as only hearing the case on memorandums." The 21st JDC granted Mr. Smith's Motion to Supplement the Record on May 8, 2017, and Mr. Smith's memorandum in support and stipulation of facts were admitted in the record.
After reviewing the record as a whole, we have determined that the 21st JDC erred in rendering a judgment based on purported stipulations between the parties, because the record did not contain the written stipulation of facts when the 21st JDC rendered its decision. The 21st JDC signed its judgment on December 8, 2016, and the written stipulation of facts were introduced into evidence on April 24, 2017. Absent such evidence, it was inappropriate for the 21st JDC to rule on the matter and consider the stipulation of facts, and it is likewise inappropriate for an appellate court to consider the matter. Thus, we have no authority to consider on appeal facts referred to in brief which were not made part of the record before the 21st JDC. See Cozzy Spot, LLC v. City of New Orleans, 2016-0529 (La. App. 4 Cir. 1/11/17), 209 So.3d 224, 227 (trial court should not have ruled on matter where judgment stated that it was based on stipulations of fact which were not included in record); Franklin v. City of Baton Rouge, 525 So.2d 674, 675 (La. App. 1 Cir. 1988) (same). Accordingly, the judgment of the trial court is vacated. We remand this matter for further proceedings consistent with this opinion. Costs are to await final disposition.
VACATED AND REMANDED.
Higginbotham, J. concurs.
Penzato J. concurs